**GRANDLE, Plaintiff-Appellant, v. RHODES, Auditor, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5765.   Decided April 22, 1958.

John A. Lloyd, Jr., James G. Andrews, Jr., Cincinnati, for plaintiff-appellant.

William Saxbe, Atty. Genl., Hugh A. Sherer, Chief Counsel, Columbus, for defendant-appellee.

## OPINION

By PETREE, PJ.

This cause originated in the Common Pleas Court of Franklin County, Ohio, as a taxpayer's suit to prevent the expenditure of state highway funds for the purpose of making certain engineering surveys in connection with a proposed underground parking lot under the ten-acre site upon which the Ohio State Capitol is situated.

The Common Pleas Court sustained a demurrer by the defendant, and the Second District Court of Appeals affirmed the trial court.

The case was admitted on motion to the Supreme Court of Ohio, which at first affirmed the Second District Court of Appeals but which, upon rehearing, reversed the Court of Appeals and the Common Pleas Court and ordered final judgment for the plaintiff in accordance with the prayer of the plaintiff's petition.   The entry in the Common Pleas Court of March 29, 1957, journalized the judgment for the plaintiff and awarded him his costs.

It will be conceded from a reading of Judge Harter's original decision, which was affirmed by the Second District Court of Appeals, that the matter before the court was a very close case, especially in view of the prior decisions of the Supreme Court in State v. Rhodes, 156 Oh St 81, and in State v. Defenbacher, 153 Oh St 268.

Thereafter, on April 6, 1957, plaintiff, by his counsel, filed an application for allowance of attorneys' fees. In this application he recited his successful prosecution of the suit to prevent the expenditure of $64,500.00 and the history, which has been heretofore set out in this opinion. It will be noted that the application was filed in the original action, which had terminated in favor of the plaintiff, wherein he had recovered his costs

The matter of the attorneys' fees came before Judge Gessaman of the Common Pleas Court, and on June 25, 1957, Judge Gessaman filed his opinion in which he said:

"There is no question in this state but that in a suit successfully maintained to protect or preserve a fund, the court may, in the absence of an express inhibition, allow fees to the attorney for the successful party, to be paid from the fund. 14 O. Jur. 2, 41, Sec. 47, Costs. For recent cases see State ex rel. Yontz v. West, 135 Oh St 589; Smith v. Kroeger, 138 Oh St 508."

Thereafter in its opinion the court set forth its position, which was to the effect that in the case at bar, an express inhibition prevented the use of the funds in question for the payment of the attorneys' fees even in a taxpayer's suit to preserve those funds. With that conclusion we agree.

The proposed parking lot was provided for in §5538.01 et seq, R. C. We must bear in mind that the Supreme Court of Ohio has in this very case construed Article XII, Section 5a, Ohio Constitution, which limits the purposes for which the monies derived from fees, excises, or license taxes shall be expended. A careful reading of that constitutional provision brings us to the conclusion that the funds in question cannot be expended for attorneys' fees even for the very commendable purpose of preserving that fund. Admittedly, it is little comfort to the attorneys to say to them, "You have done your work so well that no expenditure can be made from that fund even to pay you to help the people of Ohio to preserve it."

From a careful reading of the briefs, as well as the opinion of Judge Gessaman, we conclude that there is no fund presently available from which the fees of the plaintiff's attorneys can be paid. If it were in the power of the court to order the payment of reasonable attorneys' fees, it would seem eminently right and proper to do so. Many a soldier goes forth to war with no assurance that his family will be protected by the government he is helping to protect and preserve. He does his duty in the faith that a grateful government will do what is right by those whom he may leave behind. Perhaps when this case is finally settled, plaintiff's counsel may accept the offer of the trial court to fix a reasonable allowance for attorneys' fees in this case, which could then be presented to the Sundry Claims Board or to the State Legislature as a fair

figure upon which such a board might act without too much delay. Courts ordinarily do not like to put counsel in the position of having to appeal, with hat in hand, to the sound discretion of some board for the allowance of attorneys' fees which they have justly earned. But the law in this case seems to us definite—that there are no funds available out of which a proper order for payment can now be paid.

The single assignment of error is as follows:

The court erred in denying appellant's application for an allowance of counsel fees.

We have carefully considered this assignment of error, including the reasoning set forth under Sections "A" and "B" in the brief, and we conclude that the assignment of error is not well taken for the reasons above set forth and those stated in the trial court's opinion. The judgment of the trial court in denying the allowance of attorneys' fees in this case will be affirmed.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.