HERMAN V. VON HOLT *v.* IZUMO TAISHA KYO MISSION OF HAWAII, AN INCORPORATED ASSOCIATION, JOHN H. WILSON, LEON K. STERLING, THE CITY AND COUNTY OF HONO-LULU, A MUNICIPAL CORPORATION.

No. 4144.

AUGUST 1, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

*Per Curiam.* By decision, dated March 25, 1960, in 44 Haw. 147, this court reversed that portion of the judgment allowing petitioner-appellee attorney's fees against the City and County of Honolulu, respondent-appellant.

A petition for rehearing was filed on April 13, 1960, and after consideration of the reply to the petition filed on April 27, 1960, this court, by decision and order dated May 16, 1960, ante p. 260, granted the petition and directed counsel to confine themselves, in their briefs, to the following questions:

"(1) Under the facts presented in this case, and without consideration of R.L.H. 1955, Chapter 219, can appellee be allowed an attorney's fee?

"(2) If so, does such allowance constitute taxation of 'costs' within the meaning of the first sentence of R.L.H. 1955, § 219-23?"

Despite the protestations set forth in the petition for rehearing, we can find no inconsistency in legal principle between the aforesaid decision of March 25, 1960, and the briefs of petitioner filed in support of his petition.

That decision recognized the equity practice which allows reasonable attorney's fees out of a common fund or common property created or preserved for the benefit of all the common owners through the efforts of one of such owners, and under the direct or constructive custody or control of the court.

It also recognized the split of authority in the application of this fund theory to justify the allowance of attorneys' fees in taxpayers' actions.

However, this court held in that decision that in the instant case there was no property of any kind, personal or real, which could form the basis of any sort of "common fund" under the custody or control of the court.

Having so found, it was unnecessary to, and this court did not, decide in that decision whether this equitable

fund theory should or should not be extended to tax-payers' actions in this jurisdiction, or if so extended, whether or not its application should be limited or restricted to liquid funds comprising cash or negotiable instruments.

Thus, on this hearing, the crucial question before the court is again this one of control or custody, the same being essential to a recovery in the present suit as distinguished from a separate suit against the City.

The basis of this court's holding in the previous decision was that the judgment in 42 Haw. 671, " '[to] nullify the effect of the purported conveyance made by said deed' effectively held the conveyance to be invalid, not merely voidable, and no fund was created thereby. If it can be said that the property was preserved by the judgment, still it is clear that the court did not have control over it, even to the extent of constructive custody."

To counter this judgment of the court in 42 Haw. 671, petitioner contends "that at the time this action was brought, the Mission was the record owner of legal title to the premises in question. The Mission possessed a certificate of title to the property issued by the Territory of Hawaii * * * so that the moment the Registrar of the Land Court on December 24, 1952, accepted the City's deed for registration, the Mission became the legal owner of the property" by virtue of Section 342-42, R.L.H. 1955, which provides that:

"Every applicant receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith, shall hold the same free from all encumbrances except those noted on the certificate in the order of priority of recordation and any of the following encumbrances which may be subsisting, namely, * * *."

We are not impressed by the foregoing contention, based as it is on the assumption that the Mission, which received the void deed, took the certificate of title "for value and in good faith." Nor were we impressed with the distinction offered in oral argument that, because of the color of office of the signatories, the deed in question was not clearly void, as held in 42 Haw. 671, but somewhere between being void and voidable. No ground for further disturbing the decision and judgment in 42 Haw. 671 has been shown.

Having found no basis upon which we can rely to resolve this question of control or custody in favor of petitioner, we are constrained to affirm the prior decision of this court entered on March 25, 1960, in 44 Haw. 147.

We say constrained advisedly, because we are mindful not only of the public service rendered by the taxpayer in this action but of the constitutional restraint on our powers. The legislative branch of government alone holds the purse strings to the public treasury. We can only quote with approval the general thought behind the holding in *Grandle* v. *Rhodes,* 107 Ohio App. 558, 154 N.E. 2d 172, at p. 173, as follows:

"* * * If it were in the power of the court to order the payment of reasonable attorneys' fees, it would seem eminently right and proper to do so. Many a soldier goes forth to war with no assurance that his family will be protected by the government he is helping to protect and preserve. He does his duty in the faith that a grateful government will do what is right by those whom he may leave behind. * * * Courts ordinarily do not like to put counsel in the position of having to appeal, with hat in hand, to the sound discretion of some board for the allowance of attorneys' fees which they have justly earned. But the law in this case seems to us definite—that there are no funds

available out of which a proper order for payment can now be paid."

No question has been raised as to the reasonableness of the attorney's fee claimed and we have no reason to question it, but as enunciated above, we are without the power and authority to allow it.

Again, no occasion is presented that necessitates the determination of, and we do not decide, whether or not the equitable fund doctrine should be applied to taxpayers' suits and if so applied, whether or not the fund available for the purpose of awarding counsel fees should be limited to cash or liquid assets as contrasted with real property.

In view of the foregoing, it becomes unnecessary to consider further the second question above posed by this court.

Decision affirmed.

*Robert M. Rothwell* (also on the brief) for petitioner-appellee.

*Hiromu Suzawa,* Deputy Corporation Counsel (*Norman K. Chung,* Corporation Counsel, with him on the brief) for respondent-appellant, The City and County of Honolulu.