OLOKELE SUGAR COMPANY, LIMITED, Plaintiff-Appellant, and KAUAI COMMERCIAL CO., LTD., Plaintiff, *v.* McCABE, HAMILTON & RENNY CO., LTD., Defendant, and FIRST INSURANCE COMPANY OF HAWAII, LTD., Defendant-Appellee

No. 5016

August 10, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal arises from a suit filed by Olokele Sugar Company, Limited (hereinafter appellant), and Kauai Commercial Co., Ltd. (hereinafter Commercial Co.), against McCabe, Hamilton & Renny Co., Ltd. (hereinafter McCabe), to recover property damages and against First Insurance Company of Hawaii, Ltd. (hereinafter appellee), to recover property damages and for attorney's fees, interest and punitive damages based upon its refusal to pay the liquidated damages sustained by appellant.

The facts are as follows:

At Nawiliwili Pier, Kauai, Hawaii, McCabe was engaged as contract stevedores in off-loading a Caterpillar tractor belonging to appellant from a vessel. The tractor was to be placed on a semi-lowbed trailer attached to a truck, both owned by Commercial Co. As the tractor was being discharged from the vessel it came out of the slings operated by McCabe and fell on the trailer and truck, damaging itself and the trailer and truck.

After incurring the costs of repairing the tractor, trailer and truck, the appellant and Commercial Co. demanded of McCabe and the appellee (insurer of McCabe) the costs of repair.

Appellant brought suit directly against appellee without first obtaining judgment against McCabe.

Evidence was not adduced showing that the liability insurance policy executed by appellee insuring McCabe authorized appellant to sue appellee directly prior to judgment against McCabe. Nor is a statute available in this jurisdiction empowering appellant to sue appellee as was done in this case.

A motion for summary judgment against McCabe, for the cost of repair, was granted by the trial court. However, on a trial of the claim against the appellee, for cost of attorney's fees, interest and punitive damage, the trial court granted appellee's motion to dismiss, after appellant had made its opening statement, for appellant's failure to state a claim against appellee upon which relief can be granted.

The sole issue before this court is whether, without statutory authorization or specific liability set out in the insurance policy executed by appellee, the appellee, as an insurer, can be made a party defendant and be held directly liable by a third party for damages suffered and for costs, including attorney's fees and interest, incurred by the third party in enforcing its claim.

The question presented is an original one for the determination of this court.[1]

## I. APPELLANT'S APPROACH TO THE ISSUE

The appellant states that the issue is a narrower one. It claims that for appellee's wilful refusal to pay appellant's liquidated claim, a claim resulting from McCabe's indisputable negligence, the appellee must be held directly liable to appellant for attorney's fees and interest incurred by appellant in enforcing the claim and further, that appellee be held liable for punitive damages.

Appellant argues that it has stated a claim against appellee upon which relief can be granted on either one of two theories: negligence or strict liability.[2]

## II. THE GENERAL LAW

It is generally held that, in the absence of a contractual or statutory provision authorizing a direct action against or the joinder of a liability insurer, an injured person, for the lack of privity between himself and the insurer, has no right of action at law against the insurer and cannot join the insured and the liability insurer as parties. defendant. *8 Appleman Insurance Law And Practice*, § 4831, at 212 (1962); *20 Appleman Insurance Law and Practice*, § 11416, at 261 (1963); *12 Couch On Insurance* 2d, § 45:763, at 663 (1964); *Globe Indemnity Company v. Teixeira, supra*, at 448; Keeton, *Liability Insurance And Responsibility for Settlement*, 67 Harv. L. Rev. 1136, at 1175 (1954).

In determining the insured's liability, joinder of or a direct action against the insurer is generally prohibited unless statutorily or contractually permitted. The reasons ascribed for the rule are varied although a deep-seated reason is simply that the courts feel that it would not be

---

[1]*See*, however, Globe Indemnity Company v. Teixeira, 230 F. Supp. 444 (D.C. Haw. 1963) *aff'd*, 349 F.2d 502 (1965).

[2]*Cf.* Matthias v. United Pacific Insurance Company, 67 Cal. Rptr. 511 (1968).

sound public policy to permit the insurer to be joined as a defendant, in deference to what is believed to be a jury's tendency to find negligence or to augment the damages, if it thinks that an affluent institution such as an insurance company will bear the loss. 8 *Appleman Insurance Law And Practice*, § 4861, at 294 (1962).

The appellant acknowledges that cases are not available which hold that an injured third party has a right, without first obtaining an excess judgment against the insured, to maintain a direct action against the insurer for damages based upon the insurer's failure to pay or settle the claim of the injured third party. However, in its ably presented arguments the appellant, nevertheless, in essence seeks to persuade this court to create a new right of action against the appellee.

### III. CONCLUSION

We have carefully researched and weighed the arguments presented by the appellant and have concluded that whether the direct action against the insurer be as a contract action, a tort action, or otherwise, the better policy in this instance dictates a legislative resolve of appellant's plea to this court. We are of the opinion that the instant case is not an appropriate one for judicial pioneering.[3]

In regard to attorney's fees, it is well established in this jurisdiction that, without specific statutory authorization or agreement to pay, the general rule is that such fees are not recoverable as damages. *Jones v. Dieker*, 39 Haw. 448, at 455 (1952); *Levy v. Kimball*, 51 Haw. 540, at 546, 465 P.2d 580, at 584 (1970).

The trial court's judgment is therefore affirmed.

*Gary N. Hagerman* (Jenks, Kidwell, Goodsill & Anderson of counsel) for plaintiff-appellant.

---

[3]As an analogy of interest is the following article: "Liabilities Arising from Insurers' Refusal to Settle Public Liability and Uninsured Motorist Claims" by Robert D. Barbagelata, U. San Francisco L. Rev. 33 (1968).

*Hale H. Hitchcock* (Cades, Schutte, Fleming & Wright of counsel) for defendant-appellee.

CONCURRING OPINION OF ABE, J.

I concur with the result reached by the majority of the court and as to parts I and III of the decision.

I do not agree with part II because I believe that the insurance company here (which actually paid the claim and would have satisfied a judgment for the claim if the action had gone to trial and judgment was obtained against the defendant) is the real party in interest and pursuant to H.R.C.P. Rule 17(a) should be named as a party defendant.

It would be naive for this court to believe that in cases of this nature the jury is not aware or cognizant of insurance coverage. Thus, I believe that the statement of this court that "it would not be sound public policy to permit the insurer to be joined as a defendant, in deference to what is believed to be a jury's tendency to find negligence or to augment the damages, if it thinks that an affluent institution such as an insurance company will bear the loss" is pure hogwash.

DISSENTING OPINION OF RICHARDSON, C.J.

I respectfully dissent.

For the majority, the case at bar appears to turn on the absence of a contractual or statutory authority for suit against an insurance company. Citing *Appleman,* the majority asserts that "for lack of privity between himself and the insurer, [an injured third party] has no right of action at law against the insurer and cannot join the insured and the liability insurer as parties defendant." As a rationale for this rule of law, the majority suggests that the jury may be influenced in finding liability or in assesssing damages if it believes that an affluent institution such as an insurance company will bear the loss. The rationale may well be applied to the cited rule of law in the usual case where it is alleged that the acts or omissions of the insured harmed the

plaintiff and that the insurer has contracted to pay such claims on behalf of the insured. In the case at bar, the cited rationale does not adequately answer the issue raised. Here the allegation is that the insurance company's actions in handling the claim were in and of themselves actionable.[1] Unless we are prepared to say that no affluent defendant, such as an insurance company, should ever be tried for alleged misdeeds because of a fear of improper jury action, we must reach the underlying issue raised by this case: Where liability upon a claim has been clearly established and the amount to be paid is not in dispute, may liability be predicated upon a wilful refusal to pay? I think that on the facts of the instant case liability can be predicated upon such a theory and that such an action can be brought along with the related claim against the insured[2] or as an independent action.[3]

---

[1]The majority omits from its description of the case, certain facts which I believe to be relevant to the nature of the claim asserted against the defendant insurance company. Suit was brought in the instant case three days prior to the running of the statute of limitations for actions based upon injury to persons or property. *See* HRS § 657-7. Prior to that time, demand for payment was repeatedly refused.

[2]Again, the language of *Appleman, supra,* would seem to militate against joinder. The claims are related and should be joined in the interest of judicial economy. Clearly, there can be no prejudice to the insurer from supposed jury misconduct. If the underlying claim against the insured presents issues of law or fact which would entitle defendant to an evidentiary hearing, then, the cause of action, based upon wrongful refusal to pay would be effectively barred by the very fact that the underlying claim is one which necessitates a hearing. If plaintiff prevails on the underlying claim upon summary judgment, as in the instant case, there can be no prejudice of the sort in question, since the jury will not be considering the acts or omissions of a tortfeasor in light of the existence or nonexistence of insurance; the jury will be considering the alleged misconduct of the insurer.

[3]The import of the majority opinion is to negate the possibility of treating plaintiff's claim against the insurer as anything other than a claim ancillary to the claim for damages to the tractor and low-bed trailer. There is authority, however, to grant recovery for damages in the amount of attorneys' fees even within the analytical framework set by the majority. In Yokochi v. Yoshimoto, 44 Haw. 297, 307, 353 P.2d 820, 826 (1960), while rejecting a claim for attorneys' fees, we recognized the existence of "exceptions to the general rule." In Von Holt v. Izumo Taisha Mission, 44 Haw. 147, 152, *petition for rehearing granted,* 44 Haw. 260, *aff'd on rehearing,* 44 Haw. 365, 355 P.2d 40, 44 (1960),

Underlying this dissent is the idea that courts should not countenance practices which rely upon imperfections in the mechanics of justice — herein, the cost of litigation itself — to work a clear injustice. Here a claim for a liquidated sum based upon facts which clearly impute negligence was presented by plaintiff. The First Insurance Company of Hawaii, Ltd., which interceded on behalf of its insured, had an adequate opportunity to ascertain whether the facts as stated by plaintiff were true and whether, under the established principles of tort law, a demand upon a legal claim had been made. The insurer repeatedly refused demand for payment, thus compelling plaintiff to file suit three days prior to the date upon which the statute of limitations would have barred an action on the claim. First Insurance Company of Hawaii, Ltd., knew or should have known at some time prior to initiation of suit that there was no colorable argument in law or fact to deny payment on the claim. For this court to allow First Insurance Company of Hawaii, Ltd., to argue that it truly did not know whether the claim was valid would be to allow this state regulated enterprise[4] to practice a "studied ignorance to which [it] is not entitled." *See United States v. Turner*, 396, U.S. 398, 418 (1970).

---

we stated that "in a proper case, counsel fees could be considered as an element of punitive damages for the perpetration of a fraud. . . ." Earlier, in Glover v. Fong, 42 Haw. 560, 565 (1958), an action in the nature of mandamus to compel a city auditor to draw warrants for the payment of sewer construction claims, it was stated, "There is an exception to the general rule which allows the inclusion of counsel fee in the measure of damages where the facts are such as to authorize an award of punitive damages."

[4]HRS § 431-1 provides in part:
    *Compliance required.* No person shall transact a business of insurance in this State without complying with the applicable provisions of this chapter. . . .
HRS § 431-2 provides:
    *Public interest.* The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, and their representatives rests the duty of preserving inviolate the integrity of insurance.

76

The allowing of recovery in the amount of attorneys' fees would leave untouched the absolute right of a party to defend an action, even where such defense is patently frivolous. In the interest of maintaining a proper allocation of the burdens of litigation, I would reverse.