**Raymond C. YOUNG, Plaintiff,**

v.

**CAR RENTAL CLAIMS, INC., a.k.a. Alamo Car Rental Claims, Inc., Alamo Financing Lp, Alamo Rent–A–Car, LLC, Allied Insurance, Doe Corporations, Defendants.**

**No. CV02–00770 DAE–BMK.**

United States District Court,
D. Hawai'i.

March 31, 2003.

memoranda, the court GRANTS Alamo Defendants' Motion to Dismiss. The court also GRANTS Defendant Allied's Motion for Judgment on the Pleadings, but DENIES Plaintiff's Opposition to Strike the Amended Rule 12 Motion Submitted by Alamo Defendants.

Raymond C. Young, Honolulu, Pro se.

Wayne M. Sakai, Leta H. Price, David Y. Suzuki, Burke Sakai McPheeters Bordner, Iwanaga & Estes, Harvey E. Henderson, Jr., Henderson Gallagher & Kane, Honolulu, for Car Rental Claims, Inc. aka Alamo Car Rental Claims, Inc., Alamo Financing LP, Alamo Rent–A–Car, LL, Alamo Rent–A–Car, LLC, Allied Insurance, Doe Corporations 1–20, defendants.

### BACKGROUND

On December 10, 2001, Plaintiff alleges he was struck by a passenger van driven by Stephen Stewart of Utah ("Mr. Stewart") as he was taking a picture at the corner of a gas station in Honolulu, Hawai'i.[1] Plaintiff claims that Mr. Stewart backed into him, hitting his right side and almost knocking him off the ground. Plaintiff also alleges that when he approached Mr. Stewart, the latter showed no alarm or remorse. Mr. Stewart allegedly fled the scene before the police could arrive. The car, however, was traced to Alamo Defendants.[2] Plaintiff contacted Alamo Defendants and received a claim number. He also received information about Mr. Stewart's auto insurer, Defendant Allied. Plaintiff then alleges that in October 2002, Alamo Defendants informed him that his claim had been denied. Plaintiff also states that Alamo Defendants had failed to pay a medical service provider, which he claims violated Hawai'i's no-fault law. Finally, Plaintiff claims that at no time did a representative of either Alamo Defendants or Defendant Allied contact him, which he also claims violated Hawai'i's no-fault law.

Plaintiff now seeks compensation for Personal Injury Protection ("PIP") benefits, bodily injuries, and damages for the liability of Mr. Stewart, including general, special, and punitive damages.

*ORDER GRANTING ALAMO DEFENDANTS' MOTION TO DISMISS; ORDER GRANTING DEFENDANT ALLIED INSURANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS*

EZRA, Chief Judge.

The court heard Defendants' Motions on March 24, 2003. Raymond C. Young appeared Pro Se ("Plaintiff"); David Y. Suzuki, Esq., appeared on behalf of Defendants Car Rental Claims, Inc., a.k.a. Alamo Car Rental Claims, Inc., Alamo Financing LP, and Alamo Rent–A–Car, LLC ("Alamo Defendants"); Harvey E. Henderson, Jr., Esq., appeared on behalf of Defendant Allied Insurance ("Defendant Allied"). After reviewing the motions and the supporting and opposing

1. In their Reply, Alamo Defendants maintain that a subsequent investigation revealed that Plaintiff was not struck by a vehicle and that he did not inform the renter of the vehicle, Mr. "Scott" Stewart, of any injury.

2. Alamo Rent–A–Car identifies itself as a self-insured rental car company. The title to the car allegedly driven by Mr. Stewart belongs to Defendant Alamo Financing.

Plaintiff filed the underlying Complaint on December 5, 2002.[3] Alamo Defendants filed this Motion to Dismiss on December 30, 2002. On January 31, 2003, Alamo Defendants filed a Motion to Dismiss First Amended Complaint. Plaintiff filed an Opposition on February 24, 2003. Alamo Defendants then filed an Amended Motion to Dismiss on February 27, 2003, and its Reply on March 13, 2003. On March 16, 2003, Plaintiff filed an Opposition to Strike the Amended Rule 12 Motion Submitted By Alamo Defendants. Defendant Allied filed a Statement of No Opposition to Alamo Defendants' Motion to Dismiss.

Defendant Allied filed its Motion for Judgment on the Pleadings on January 27, 2003. It filed an Amended Motion for Judgment on the Pleadings on February 6, 2003. Plaintiff filed an Opposition on February 25, 2003, and Defendant Allied filed its Reply on March 13, 2003. Alamo Defendants filed a Statement of No Opposition to Defendant Allied's Motion.

The court notes for the record that Defendants' Motion to Set Aside Default was granted on March 14, 2003. It also notes the ongoing dispute between Plaintiff and Alamo Defendants regarding whether certain conversations took place. For the purpose of resolving these Motions, the court disregards this dispute. Not only does it require a determination of certain credibility issues, it does not affect the court's ruling on the issues presented.

## STANDARD OF REVIEW

Rule 12(b) of the Federal Rules of Civil Procedure allows the consideration at the pre-trial stage of any defense, objection, or request "which is capable of determination without the trial of the general issue." A motion to dismiss is generally "capable of determination" before trial "if it involves questions of law rather than fact." *See United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.1986). Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not "invade the province of the ultimate finder of fact." *Id.* (internal quotations and citations omitted).

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). A complaint should not be dismissed unless it appears to a certainty that Plaintiff "would be entitled to no relief under any set of facts that could be proved." *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); *Stender v. Lucky Stores, Inc.*, 766 F.Supp. 830, 831 (N.D.Cal.1991). All allegations of material fact are taken as true and construed in a light most favorable to Plaintiff. *Stender*, 766 F.Supp. at 831.

Pursuant to a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may receive among the forms of competent evidence affidavits to resolve any factual dispute. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983). The consideration of such evidence does not convert a motion to dismiss into one for summary judgment. *Id.*

Rule 12(c) of the Federal Rules of Civil Procedure provides in part:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings...."

The dismissal on the pleadings is proper only if the moving party is clearly entitled

---

**3.** At the hearing, Plaintiff stated that he did not include Mr. Stewart in the Complaint because he was unable to effect service. The court notes that this is not a valid reason for failing to name a crucial party in a legal action.

to prevail. *Doleman v. Meiji Mutual Life Insurance Co.,* 727 F.2d 1480, 1482 (9th Cir.1984). The court's review is limited to the pleadings. *See* 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.38 (3d ed.1998). The court may also consider documents attached to the complaint or answers because they are considered a part of the pleadings and all documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–706 (9th Cir.1998), *cert. denied,* 525 U.S. 1001, 119 S.Ct. 510, 142 L.Ed.2d 423 (1998). All allegations of fact of the opposing party are accepted as true. *Id.* Generally, the court is unwilling to grant dismissal pursuant to Rule 12(c) "unless the movant clearly establishes that he is entitled to judgment as a matter of law." *Id.* (quoting Wright & Miller, *Federal Practice and Procedure: Civil* § 1368). Courts dismiss complaints under Rule 12(c) for either of two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984). Dismissal is also required if an affirmative defense or other barrier to relief is apparent from the face of the complaint. 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34(4).

### *DISCUSSION*

### I. Alamo Defendants' Motion to Dismiss

Alamo Defendants' Motion to Dismiss is based on three grounds: (1) lack of sufficiency of process; (2) lack of subject matter jurisdiction; and (3) failure to state a claim for relief. In the alternative to dismissing the case entirely, Alamo Defendants request that this court dismiss Defendants Car Rental Claims, Inc., and Alamo Financing, and, that the court dismiss Plaintiff's claims against Alamo Defendants for bad faith, pain and suffering, medical expenses, emotional distress and mental anguish, and loss of enjoyment of life.

■ With respect to the first ground for dismissal, Alamo Defendants state that Plaintiff served them with a Complaint that was missing a single page. It asserts that dismissal on this ground is appropriate because the missing page appeared to contain allegations such that Alamo Defendants were left without adequate notice of the claims against them. Although the court takes notice of this failure to comply with the Federal Rules of Civil Procedure, the court finds that in light of the fact that a First Amended Complaint was duly served on Defendants, Alamo Defendants have suffered no great prejudice by Plaintiff's failure to attach page six to his original Complaint. The court notes that Alamo Defendants withdrew this ground in their Reply.[4]

Alamo Defendants' second reason for seeking dismissal is based on its assertion that Hawai'i insurance law prevents Plaintiff from bringing an action for Personal Injury Protection ("PIP") benefits in federal court. Specifically, Alamo Defendants cite to the text of Hawai'i Revised Statutes ("HRS") § 431:10C–314 (2002), which says: "Any person may bring suit for breach of

---

4. The court also recognizes Plaintiff's procedural concerns regarding Alamo Defendants' Motion to Dismiss First Amended Complaint. Because it finds Plaintiff suffered no prejudice by virtue of Alamo Defendants' failure to re-answer or re-plead its underlying Motion, the court considers Alamo Defendants' incorporation of the first Motion to Dismiss, as well as the original Memorandum of Law, sufficient for the purpose of deciding the merits of this Motion. Thus, the court denies Plaintiff's Opposition to Strike the Amended Rule 12 Motion Submitted by Defendants.

any contractual obligation assumed by an insurer under a policy of insurance containing such mandatory or optional provisions in any state court of competent jurisdiction." Alamo Defendants argue that according to Hawai'i case law, a suit in state court is one of three remedies available to a Plaintiff seeking PIP benefits. *See Moss v. American International Adjustment Co., Inc.,* 86 Hawai'i 59, 62, 947 P.2d 371 (1997) (finding that the Hawai'i State legislature has provided insured persons with three mechanisms by which to resolve a no-fault controversy, including a state court action, an administrative hearing, and arbitration).[5] Because an action in federal court is not among the identified remedies, Alamo Defendants argue that it is unavailable to Plaintiff.

■ Plaintiff responds by arguing that according to the text of HRS 431:10C–314, the statute only bars suits for breaches of "contractual obligations assumed by an insurer under a policy of insurance." He maintains that because the statute only governs contractual obligations between an insurer and an insured, it does not apply to Plaintiff's case. Alamo Defendants note that Plaintiff does not dispute the controlling law. In addition, they note that Plaintiff's assertion that no contractual relationship exists undermines his bad faith cause of action, which cannot be maintained in the absence of a contractual relationship. The court agrees with Alamo Defendants' statement that if Plaintiff is to remain in federal court on the basis of his above argument, his action for bad faith must be dismissed for failure to state a cognizable claim. *See Reassure America Life Ins. Co. v. Rogers,* 2003 WL 938456 (D.Hawai'i 2003) (quoting *Best Place, Inc. v. Penn America, Ins. Co.,* 82 Hawai'i 120, 920 P.2d 334 (1996)). Thus, the court dismisses

Plaintiff's bad faith cause of action against Alamo Defendants.

Alamo Defendants also argue that because Plaintiff is only entitled to $10,000 in PIP benefits pursuant to HRS. § 431:10C–103.5, he does not meet the requirement under 28 U.S.C. § 1332 that the amount in controversy exceed $75,000 for claims based on diversity jurisdiction. Plaintiff responds by arguing that in addition to being primarily responsible to Plaintiff for $10,000 in PIP benefits, Alamo Defendants may also be liable for his bodily injury and property damage claims. He maintains that discovery will determine the precise amount of damages owed to Plaintiff by Alamo Defendants such that it is premature to find his claims barred because of the amount in controversy requirement. Plaintiff also argues that because Alamo Defendants may be liable for punitive damages pursuant to HRS § 431:13–103(11), *et seq.,* Plaintiff's amount in controversy meets the requirement.

■ In response, Alamo Defendants argue correctly that Article 13 of the Hawai'i Insurance Code was intended to operate as a regulatory statute. Thus, Plaintiff cannot bring a private cause of action under HRS § 431:13–103 to effect private enforcement. *Genovia v. Jackson Nat'l Life Ins. Co.,* 795 F.Supp. 1036 (D.Hawai'i 1992), *overruled on other grounds, Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 797 (9th Cir.1996) (finding that, "Genovia held that the statute was intended as a regulatory one, enforceable by the insurance commissioner, and not one authorizing private remedies to aggrieved individuals.") (internal citations omitted); *The Best Place, Inc. v. Penn America Insurance Co.,* 82 Hawai'i 120, 126, 920 P.2d 334 (1996) (stating that "Article 13 of

---

**5.** Alamo Defendants note that there is no evidence that Plaintiff applied for payments through his own medical insurance provider.

the Hawai'i Insurance Code does not authorize a private cause of action pursuant to its administrative remedies."); *Hunt v. First Ins. Co.*, 82 Hawai'i 363, 922 P.2d 976 (Ct.App.1996), *cert. dismissed*, 83 Hawai'i 204, 925 P.2d 374 (1996) (finding a private cause of action after a customer was injured in slip and fall because the customer was an intended third party beneficiary who had enforceable contractual rights under the medical payments provision of the store's commercial general liability policy). In light of the applicable Hawai'i case law, the court agrees with Alamo Defendants that Plaintiff has not adequately established a legal basis for bringing a claim for punitive damages pursuant to HRS 431:13–103. Thus, the court dismisses without prejudice Plaintiff's claims for punitive damages.

■ In their Reply, Alamo Defendants also argue that Plaintiff improperly combines his insurance claims for payment of PIP benefits with his personal injury claims against Mr. Stewart, which include bodily injury and property damage as well as claims such as pain and suffering, medical expenses, emotional distress, and loss of enjoyment in life. Alamo Defendants maintain that damages actions may only be brought against the insured, Mr. Stewart, and not the insurer, Alamo Defendants. Citing *Olokele Sugar Co. v. McCabe, Hamilton & Renny Co.*, 53 Haw. 69, 487 P.2d 769 (1971), Alamo Defendants maintain that it is well-settled that an injured third party does not "have a right, without first obtaining an excess judgment against the insured, to maintain a direct action against the insurer for damages based upon the insurer's failure to pay or settle the claim of the injured third party." *Olokele Sugar Co.*, 53 Haw. at 72, 487 P.2d 769. Alamo Defendants argue that an insurer cannot be a party defendant directly liable for damage sustained as a result of the insured's negligence unless a statute authorizing such liability exists, or, such liability is included in the insurance policy. In light of the absence of a Hawai'i statute authorizing direct actions against an insured's liability insurer, Plaintiff must first proceed in an action to establish the liability of the insured party before he may seek recovery from Alamo Defendants for damages.

In response, Plaintiff refers to HRS § 431:10C–303.5 and argues that although Alamo Defendants may only be the "primary" source of coverage for PIP benefits, because they are still a "secondary" source to Mr. Stewart's motor vehicle insurance policy, the possibility exists that they may be liable beyond the $10,000 maximum. Alamo Defendants maintain that HRS § 431:10C–303.5 does not apply to PIP benefits but that it applies to bodily injury and property damages. Though strangely worded, the statute appears to state that a U-drive motor vehicle insurance policy shall be primary, and any bodily injury and property damages shall be secondary to the renter's insurance, if certain conditions are met. One of the triggering conditions is when the company gives the claimant the identity and address of the operator or renter of the vehicle. In light of the evidence that Alamo Defendants provided Plaintiff with this information, Alamo Defendants are indeed the secondary source of coverage with respect to bodily injury and property damages. Even if Alamo Defendants are secondarily liable, the statute seems to preclude such a finding until after Plaintiff has prosecuted claims against Mr. Stewart's auto insurance company, which is the primary source of coverage for bodily injury and property damages. Thus, the court finds that the bodily injury and property damage claims against Alamo Defendants should be dismissed without prejudice; Plaintiff must first pursue an action against Mr. Stewart, the insured renter in the case.

Alamo Defendants also assert that Plaintiff's primary claim against Alamo Defendants concerned the manner in which they handled Plaintiff's claim. He neither alleged nor suffered any bodily injury or physical injury because of any specific conduct on the part of Alamo Defendants.[6] As a result, they argue that Plaintiff cannot recover for pain and suffering, emotional distress or mental anguish, or loss of future enjoyment of life. According to HRS § 663–8.5, Plaintiff can only recover for pain and suffering if it is the proximate result of a physical injury. Haw.Rev.Stat. § 663–8.5(b). Similarly, under HRS § 663–8.9, an emotional distress claim may not be maintained if the distress arose solely out of damage to property or material objects. Alamo Defendants also cite *Keiter v. Penn Mut. Ins. Co.*, 900 F.Supp. 1339 (D.Hawai'i 1995) as establishing that "recovery for negligent infliction of emotional distress is also limited to situations where there is 'some physical injury to property or a person' resulting from the defendant's conduct." *Keiter,* 900 F.Supp. at 1347 (citing *Lui Ciro, Inc. v. Ciro, Inc.,* 895 F.Supp. 1365 (D.Hawai'i 1995)) (quoting *Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc.,* 76 Hawai'i 454, 465–66, 879 P.2d 1037, (1994)). Thus, Alamo Defendants maintain that Plaintiff has no cognizable claims.

In light of the court's dismissal without prejudice of the bodily injury and property claims as to Alamo Defendants, a determination on these derivative issues need not be made at this time. The court notes, however, that the issue of whether Plaintiff suffered a physical injury traceable to actions taken by Alamo Defendants might be inappropriate for summary judgment because genuine issues of material fact exist and credibility determinations are unavoidable.

Finally, Alamo Defendants argue that Plaintiff fails to state a claim against Alamo Defendants for three reasons. First, Defendants state that while Alamo is self-insured under the meaning of HRS § 431:10C–105, Car Rental Claims, Inc., and Alamo Financing are not insurers. Therefore, they are not obligated to provide PIP benefits and therefore are improperly named as parties.[7] Second, Alamo Defendants argue that Plaintiff is not entitled to a direct cash payment of PIP benefits because such disbursements are intended to cover medical treatment. According to HRS § 431:10C–304(1), an insurer submits payments directly to the provider of services. Moreover, these payments for service are limited according to a fee schedule. Third, as discussed above, Plaintiff cannot sue Defendants for liability claims against the driver of the vehicle. Alamo Defendants argue that public policy reasons exist for separating actions against insured parties from direct actions for damages against an insurance company.[8]

Regarding Alamo Defendants' PIP benefits, Plaintiff argues that he is entitled to direct payments because Alamo Defendants failed to pay his medical service

---

**6.** As noted above, Alamo Defendants maintain that their independent investigation revealed that Plaintiff in fact suffered no bodily injury from Mr. Stewart either.

**7.** Plaintiff presents evidence in the form of a letter from the Insurance Division of the State of Hawai'i stating that Defendant Alamo Rent–A–Car is not a self-insurer. Alamo Defendants clarify in their Reply that although Defendant Alamo Rent–A–Car is not regis-

tered as a self-insured company with the state, it adjusts its own claims through Car Rental Claims, Inc., and is responsible for payment of settlements, awards, and judgments on claims, including PIP benefits.

**8.** In the previous section, the court recognized the validity of this claim and dismissed without prejudice claims relating to issues other than PIP benefits.

providers for treatment. As a result, these providers are requesting that Plaintiff remit payment. Plaintiff states that it is his obligation to ensure that the service providers are paid. The court recognizes that according to the plain text of HRS § 431:10C:304, payments are to be made to a medical provider. However, to the extent that this provision aims to compensate persons for medical expenses paid in the treatment of injuries related to the underlying complaint, the court declines to dismiss Plaintiff's PIP benefits claim based on the identity of the recipient of the designated medical expense payments. *See Gamata v. Allstate Ins. Co.,* 90 Hawai'i 213, 225, 978 P.2d 179 (Hawai'i App.1999) (holding that where an insured Plaintiff received treatment after his complaint was filed and apparently paid for the treatments himself he may be a real party in interest with respect to protecting his or her ability to sue in tort, which, in turn, is dependent upon the insured reaching the tort threshold) (internal citations omitted).

■ This determination notwithstanding, upon review of the claims still remaining, the court finds that only Plaintiff's PIP benefits claim is properly alleged against Alamo Defendants. As noted above, the statutory maximum for such claims is $10,000. Haw.Rev.Stat. § 431:10C–103.5 (2002). Thus, Plaintiff has failed to allege claims sufficient to meet the amount in controversy requirement of $75,000. As a result, the court finds that it may not exercise federal jurisdiction over Plaintiff's cause of action against Alamo Defendants at this time.

## II. Defendant Allied's Motion to Dismiss

In its Motion to Dismiss, Defendant Allied asserts that as the liability carrier for Mr. Stewart, the driver of the rental vehicle belonging to Alamo Financing, it does not have an obligation to pay PIP benefits to Plaintiff. Citing HRS § 431:10C–305(b)(1), Defendant Allied argues that the only sources available to Plaintiff for PIP benefits stem from the insurance policies related to the vehicles involved in the alleged accident. Because no statutory authority obligates it to pay PIP benefits, Defendant Allied argues it cannot be found to have acted in bad faith for failure to pay Plaintiff accordingly. It also notes that under HRS § 431:10C–305(b)(1)(B), Plaintiff may only recover benefits from one insurer for accidental harm. Thus, by bringing claims against both Alamo Defendants and Defendant Allied, Plaintiff seeks relief above and beyond that to which he is entitled.

Plaintiff responds by conceding that Alamo Defendants have the primary obligation to pay up to $10,000 in PIP benefits, and, that any additional liability is the obligation of the vehicle renter's insurance provider. *See Charles Bowers and State Farm Mutual Automobile Insurance Company v. Alamo Rent–A–Car,* 88 Hawai'i 274, 281, 965 P.2d 1274 (1998) (finding that Defendant Alamo had the primary obligation to defend insured party against claims for personal injury and property damage incurred while operating an Alamo vehicle; insured's liability provider's obligation was limited to providing excess liability coverage).

■ In its Reply, Defendant Allied presents an argument similar to that raised in the previous section by Alamo Defendants. It states that Plaintiff may not maintain a direct action against Defendant Allied for tortious acts allegedly committed by the renter of the vehicle, Mr. Stewart. Citing *Olokele Sugar Co,* Defendant Allied argues that in the absence of a contractual relationship between the parties, as well as without an authorizing statute, Plaintiff lacks the privity necessary to pursue an action against the insurer.

*Olokele Sugar Co.*, 53 Haw. at 71, 487 P.2d 769. Thus, Plaintiff must obtain a finding of liability against Mr. Stewart. The court agrees and finds that Plaintiff must first pursue an action against Mr. Stewart for the torts allegedly committed. The court also notes that a suit may not be brought against both the insured and the insurance provider as part of the same action. *Id.*

■ With respect to Plaintiff's claim of bad faith, Defendant Allied argues that because Plaintiff is not a third party beneficiary to the insurance contract, Plaintiff has no legal authority under which to pursue an action for bad faith against Defendant Allied. The Ninth Circuit generally recognizes that under most state laws, a liability insurer cannot be liable for bad faith to third party claimant unless and until an insured's liability to claimant has first been established by adjudication. *Singer v. State Farm Mutual Automobile Insurance Company*, 116 F.3d 373 (9th Cir.1997). Although Hawai'i courts have held that under certain types of insurance policies third parties have standing to initiate bad faith actions against insurers, no Hawai'i court has dealt directly with the issue presented in this case. Defendant Allied claims that grounds for suit arise only with policies that provide automatic benefit entitlements, including worker's compensation and policies that provide payment irrespective of liability. *See Hough v. Pacific Ins. Co.*, 83 Hawai'i 457, 927 P.2d 858 (1996) (holding that plaintiff could bring a separate claim for damages against a workers' compensation insurer where the separate claim was based on allegations that the insurer committed intentional torts and acted in bad faith in processing the worker's compensation claim); *Hunt v. First Ins. Co. of Hawai'i*, 82 Hawai'i 363, 922 P.2d 976 (1996). In those cases, as opposed to this one, the plaintiff is not required to prove any liability on the part of the insured party.

In *Hunt*, the court found that although no private cause of action exists under Hawai'i Revised Statutes Chapter 431, Article 13, the case was distinguishable because the general liability policy provided coverage for accidents that happened on the premises of the insured. The Hawai'i Supreme Court recognized that a non-contracting party has rights as a third party beneficiary of an insurance contract if the contract intended to benefit the third party, who must be something more than a mere incidental beneficiary. *Hunt*, 82 Hawai'i at 367, 922 P.2d 976 (citing *Dawes v. First Ins. Co. of Hawai'i, Ltd.*, 77 Hawai'i 117, 128 n. 12, 883 P.2d 38, *reconsideration denied*, 77 Hawai'i 489, 889 P.2d 66, (1994)). In *Hunt*, the policy explicitly included medical expenses for persons injured on the premises "irregardless of fault." *Hunt*, 82 Hawai'i at 367, 922 P.2d 976. Here, however, Defendant Allied argues that Plaintiff is a third party who must first establish that Mr. Stewart committed a tortious act that caused him damage. Defendant Allied maintains that there is no Hawai'i authority allowing for third party beneficiaries to collect payments when the underlying contract did not intend to include such parties. The court agrees. Plaintiff has improperly brought an action for bodily harm and property damage against Defendant Allied. The proper party is Mr. Stewart, the insured party who allegedly committed the harms for which Plaintiff seeks compensation.

### CONCLUSION

For the reasons stated above, the court GRANTS Alamo Defendants' Motion to Dismiss without prejudice. The court also GRANTS Defendant Allied's Motion for Judgment on the Pleadings. It DENIES Plaintiff's Opposition to Strike the Amended Rule 12 Motion Submitted by Alamo Defendants.

The court notes that the Plaintiff's alleged accident occurred on December 10, 2001. Under Hawai'i Revised Statutes § 657–7, Plaintiff has two years in which to bring a personal jury action against Mr. Stewart. Thus, this cause of action, if any, has not yet expired.

IT IS SO ORDERED.