GARDNER HOMES, INC. v. W. G. GAITHER, JR., R. L. HOLLOWELL, JOHN F. RIXEY, AND JOHN L. GIBSON II, PARTNERS TRADING UNDER THE PARTNERSHIP NAME, VIRGINIA DARE ASSOCIATES

No. 761SC284

(Filed 6 October 1976)

1. Cancellation and Rescission of Instruments § 4— permissible use under zoning ordinance — mutual mistake — grounds for avoidance of contract

The use of real property permissible under a zoning ordinance is a fact, and a mutual mistake with respect thereto entitles either party to an avoidance of a contract when such fact goes to the essence of the agreement.

2. Cancellation and Rescission of Instruments § 4— purchase of hotel to convert into apartments — impermissible use under zoning ordinance — mutual mistake as grounds for rescission of contract

In this action to rescind a contract to purchase a hotel, evidence was sufficient to support findings that the purpose for which plaintiff desired to purchase the hotel was to convert it into an apartment complex and that the parties at the time the contract was entered into were mutually mistaken as to the permissibility under the city's zoning ordinance of a conversion and use of the hotel into an apartment complex; therefore, plaintiff was entitled to rescission of the contract.

APPEAL by defendants from *Peel, Judge.* Judgment entered 6 January 1976 in Superior Court, PASQUOTANK County. Heard in Court of Appeals 24 August 1976.

This is a civil action wherein the plaintiff, Gardner Homes, Inc., seeks to rescind its contract with the defendants, W. G. Gaither, Jr., R. L. Hollowell, John F. Rixey, and John S. Gibson II, partners trading under the name Virginia Dare Associates, to purchase the Virginia Dare Hotel in Elizabeth City, North Carolina, and to recover a fifteen thousand ($15,000) dollar "earnest money" deposit.

Plaintiff alleged in its complaint that the contract was made under a mutual mistake of material fact, and it is therefore entitled to rescind the contract and recover the deposit. Defendants in their answer admitted the receipt of the deposit pursuant to the contract, but denied that the contract was made under a mutual mistake of material fact.

Both parties moved for summary judgment and submitted affidavits and depositions in support of their motions. The un-

contradicted evidence submitted by the parties tends to show the following:

Plaintiff contracted with the defendants for the purchase of the Virginia Dare Hotel in Elizabeth City, North Carolina, and pursuant to said contract gave defendants a fifteen thousand ($15,000) dollar "earnest money" deposit. Plaintiff's purpose for contracting to purchase the hotel was so that it could convert it into a 42-unit apartment complex. This purpose was incorporated into the agreement between the parties and defendants agreed to obtain financing for plaintiff so the purpose could be carried out. Plaintiff discovered a few days before the sale was to be closed that under the Elizabeth City Zoning Ordinance an apartment complex was not a permitted use in the zone in which the property was located. Up until that time, it had also been defendants' view and thinking that the zoning ordinance would permit an apartment complex in the zone in which the property was located.

The court allowed the plaintiff's motion and denied the defendants' motion for summary judgment. From summary judgment for plaintiff rescinding the contract, defendants appealed.

*White, Hall, Mullen & Brumsey, by Gerald F. White and John H. Hall, Jr., for plaintiff appellee.*

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, by Dewey W. Wells and Roy A. Archbell, Jr., for defendant appellants.*

HEDRICK, Judge.

Defendants contend that the court erred in entering summary judgment for plaintiff and in denying their motion for summary judgment. They argue that the evidence considered on the motions for summary judgment discloses that the contract was not made under a mutual mistake of material fact.

In *MacKay v. McIntosh*, 270 N.C. 69, 73, 153 S.E. 2d 800, 804 (1967), we find the following:

" 'The formation of a binding contract may be affected by a mistake. Thus, a contract may be avoided on the ground of mutual mistake of fact where the mistake is common to both parties and by reason of it each has done what neither intended. Furthermore, a defense may be asserted

when there is a mutual mistake of the parties as to the subject matter, the price, or the terms, going to show the want of a consensus *ad idem*. Generally speaking, however, in order to affect the binding force of a contract, the mistake must be of an existing or past fact which is material; it must be as to a fact which enters into and forms the basis of the contract, or in other words it must be of the essence of the agreement, the *sine qua non*, or, as is sometimes said, the efficient cause of the agreement, and must be such that it animates and controls, the conduct of the parties.' 17 Am. Jur. 2d, Contracts § 143."

[1]  The uses of real property permissible under a zoning ordinance is a fact, and a mutual mistake with respect thereto entitles either party to an avoidance of a contract when such fact goes to the essence of the agreement. *MacKay v. McIntosh, Id.*

In the present case all the elements necessary to rescind the contract for mutual mistake of fact as set forth in *MacKay* are established by the uncontradicted evidence submitted by both parties on their motions for summary judgment.

[2]  There is no doubt that the mistake was as to a material fact. The purpose for which plaintiff desired to purchase the hotel, as set forth in the agreement itself, was so that it could convert it into an apartment complex. The zoning ordinance prevented the accomplishment of that very purpose.

There is also no doubt that the parties at the time the contract was entered into were mutually mistaken as to the permissibility under the zoning ordinance of a conversion and use of the hotel into an apartment complex. The evidence of both parties is not in conflict on this point. W. D. Gardner, plaintiff's president, testified, "It didn't occur to us—well we just didn't even consider that it may not be zoned for the use we planned for it. . . ." Defendant W. G. Gaither, Jr., who handled the negotiations for the defendants, testified, "It was just a basic assumption of mine at the time of these dealings with Gardner that it [conversion of the hotel into an apartment complex] would be permitted under existing zoning."

Suffice it to say, therefore, the record is replete with evidence clearly establishing that the parties were mutually mistaken with respect to the fact that plaintiff would be permitted under the zoning ordinance to convert the hotel into an apartment complex. There is no evidence to the contrary.

Defendants contend in the alternative that the evidence on the motions for summary judgment raised a genuine issue as to whether the conversion of the hotel into an apartment complex could have been completed within six months. The Elizabeth City Zoning Ordinance provides that an existing nonconforming use may be continued unless the nonconforming use is discontinued for a period of six months. Defendants argue that if the conversion could have been completed within six months, it would have been permissible under the zoning ordinance as a continuation of an existing nonconforming use since the hotel had already contained seven apartments.

There is a genuine issue as to whether the conversion could be completed in six months, but the issue is as to an immaterial fact. Section 4.1 of the Elizabeth City Zoning Ordinance provides: "Nonconforming buildings and nonconforming use of buildings shall not hereafter be *enlarged*." (Emphasis added.) An increase in the number of apartments in the building from seven to forty-two, as had been planned by plaintiff, would certainly have constituted an enlargement of a nonconforming use.

We hold the evidence in the record discloses the nonexistence of a genuine issue of material fact, and the plaintiff is entitled to a rescission of the contract as a matter of law. G.S. 1A-1, Rule 56. The court correctly denied the defendants' motion for summary judgment and correctly entered summary judgment for plaintiff.

The judgment appealed from is

Affirmed.

Judges BRITT and MARTIN concur.