Graham v. Morrison

CARY WHITE GRAHAM, CHARLES M. GRAHAM, JR., BONNIE LILLIAN HEWETT WHITE AND ETHEL W. WHITE v. DONALD R. MORRISON

No. 8327SC1317

(Filed 18 December 1984)

Cancellation and Rescission of Instruments § 10.3; Vendor and Purchaser § 5.1 — contract for sale of land — mutual mistake — jury question

In an action for the specific performance of a contract for the sale of land, the evidence presented a jury question as to mutual mistake of fact where the contract provided that closing was contingent upon defendant buyer "having access to Rhyne Road over present right of way granted by" an adjacent landowner, a county subdivision ordinance prohibited subdivision of the property unless each subdivided lot had frontage on a public street, the easement across the adjacent landowner's property was a private easement not open to the general public, and the evidence was conflicting as to what defendant intended to do with the land, what uses the parties believed and represented could be made of the land, what sort of easement the parties believed had been granted by the adjacent landowner, and the extent the purchase hinged on beliefs by the parties about what uses could be made of the land.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 3 August 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 27 September 1984.

This is a case for specific performance of a contract for the sale of land. On 4 May 1981, the defendant, Donald R. Morrison, signed a "binder," under which he agreed to purchase two tracts of land in Mecklenburg County from the plaintiffs: a tract of 26.295 acres and a sixty foot strip of 1.17 acres between the larger tract and North Carolina Highway 27. *See* Illustration 1. He paid the plaintiffs $500 on signing the binder, and promised to pay $4,000 per acre for the land, 25% of that due on the date of closing, and the rest payable in 120 monthly installments, bearing interest at 12% per annum simple interest. The binder and the closing of the sale were "contingent on Buyer having access to Rhyne Road over present right of way granted by Livingston Coatings Co. on August 24th, 1976." The "present right of way" apparently was a 30 foot wide easement for ingress and egress granted by Livingston Coatings Company across its property. *See* Illustration 1.

The defendant testified that before signing the binder, he told Mr. Black, the plaintiffs' real estate agent, that he desired to

**Graham v. Morrison**

Illustration 1

subdivide the 26 acres, build warehouses on the individual tracts, and then lease or sell the warehouses. He testified further that Mr. Black assured him that this could be done. Defendant knew that the 26 acres had no frontage on public roads, and that easement problems might interfere with development of the property. Mr. Black, he testified, assured him there were no problems with the easement in the event the land was subdivided and warehouses were built on it.

Defendant asked Mr. Black to write a condition into the binder concerning access over the easement across the Livingston property. The contingency clause described above was apparently drafted in response to this request.

A subdivision ordinance of Mecklenburg County prevented subdivision unless each lot had frontage on a public street.

The defendant had previously purchased from plaintiffs a tract of land of approximately five acres, in between land owned by the Carter Lumber Company and Livingston Coating Company. *See* Illustration 1. This tract adjoined the sixty foot strip which defendant agreed to purchase in the binder of May, 1981. With ownership of the sixty foot strip, defendant would own a narrow corridor between his five acre tract and the 26 acre tract.

After trial before a jury, the trial judge granted plaintiffs' motion for summary judgment. Defendant appeals the judgment.

*Childers, Fowler and Childers, by Max L. Childers and David C. Childers, for plaintiff appellee.*

*Tucker, Hicks, Sentelle, Moon and Hodge, by John E. Hodge, Jr. and Charles H. Cranford, for defendant appellant.*

ARNOLD, Judge.

Defendant appeals from the trial judge's grant of plaintiffs' motion for summary judgment, ordering him to proceed with the purchase of two tracts of land from plaintiffs. Plaintiffs' motion came at the end of all the evidence, and would have been more appropriately framed as a motion for directed verdict. Because the two motions are functionally similar, *see Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 404, 250 S.E. 2d 255, 258 (1979); *Dendy v. Watkins*, 288 N.C. 447, 452, 219 S.E. 2d 214, 217 (1975),

we will treat defendant's appeal as from a directed verdict. The standard on review is similar to that employed on review of summary judgment. It is whether defendant presented sufficient evidence to take the case to the jury, or, whether the evidence, taken in the light most favorable to the defendant, raised an issue of material fact, which only a jury is capable to decide. *See Cutts v. Casey*, 278 N.C. 390, 418, 180 S.E. 2d 297, 312 (1971); *Paccar Financial Corp. v. Harnett Transfer, Inc.*, 51 N.C. App. 1, 5, 275 S.E. 2d 243, 246 (1981). Our review of the record in this case, of the testimony of the parties and the history of ownership of land and interests in land in the vicinity of the tracts in dispute, persuades us that there were genuine issues of material fact and that the grant of summary judgment, which we treat as a directed verdict, was improper.

The defendant testified that he desired to purchase the property at issue in this case in order to build warehouses on it, subdivide the land, and then sell or lease the warehouses. He testified also that the plaintiffs' real estate agent represented to him that this would be possible, and that there would be no problems with easements. Plaintiff said that he requested plaintiffs' real estate agent to draft a provision in the binder, making the sale contingent on his having access to Rhyne Road over the present right of way across the Livingston Coating Company's property. The "present right of way" was an easement of ingress and egress apparently granted by the Livingston Company in 1976 to the plaintiffs and to the Davant Realty Company, which owned adjacent property.

Under the subdivision ordinance in effect in Mecklenburg County at the time of the negotiations and attempted transaction, the defendant could not have subdivided the property in dispute unless each subdivided lot had frontage on a public road. Defendant discovered at some point, apparently after he signed the binder, that the easement across the Livingston Company's property was a private easement, not open to the general public. When he discovered this, he decided not to go through with the closing. Defendant's testimony indicates that Mr. Black, the plaintiffs' real estate agent, came back to defendant's office after the binder was signed, and attempted to work out the easement problems. Mr. Black has testified in an affidavit that he made no representation to defendant about possible uses of the land.

Our review of the record indicates that there is a conflict in the evidence on the related factual issues of what defendant intended to do with the land, what uses the parties believed and represented could be made of the land, and what sort of easement the parties believed had been granted by the Livingston Coating Company. There is further dispute over the extent the sales agreement hinged on the parties' beliefs about what uses could be made of the land. Conflict in the evidence regarding these factual issues means there is conflict on the question of whether the parties operated under a mutual mistake of fact in entering into the contract for sale of land. *See generally Gardner Homes Inc. v. W. G. Gaither,* 31 N.C. App. 118, 228 S.E. 2d 525 (1976); *McKay v. McIntosh,* 270 N.C. 69, 153 S.E. 2d 800 (1967). Given this evidentiary conflict on the elements of mutual mistake the trial judge's refusal to allow the case to go to the jury was improper.

We note that had defendant gone through with the purchase he would have received a sixty foot strip of land connecting the main tract of twenty-six acres with North Carolina Highway 27. It was then possible that he might have had another outlet to a public road, although this may have been restricted by the railroad and the thirty foot private easement, which crossed the strip before it reached the highway. What matters, though, is that defendant's primary concern in entering the contract for sale of land, as evidenced by his insistence on the contingency clause, was the easement across the Livingston Company's land to Rhyne Road. The fact that there might have been another right of way may go to the questions of whether defendant had reason to be concerned about access, and accordingly of whether his testimony about his objectives and Mr. Black's representations to him is credible, but it does not compel us to rule as a matter of law that there was no mutual mistake as to the potential uses of the easement.

We observe finally that our doubts about the propriety of the directed verdict are heightened by the lack of any document in the record specifically describing the conditions of the Livingston Company's easement. The grant of easement dated 24 August 1976 (Defendant's Exhibit 2), is a grant from the plaintiffs to the Davant Realty Company of a right of way across plaintiffs' land, most of which is the subject of this suit. The grant mentions the Livingston easement "of ingress and egress," which ensures ac-

cess to Rhyne Road for both the plaintiffs and the Davant Company (now Martin Marietta), but we have no document before us specifically granting or describing that easement. Indeed, the map offered as "Court's Exhibit One" does not even depict the easement across the Livingston property to Rhyne Road. Our understanding is that this case centers on that easement. In light of the inconclusiveness of the documentary evidence as to the nature of the easement we are skeptical that the trial judge could properly have determined that as a matter of law that the evidence so favored the plaintiffs that there was no jury question.

We see no need to reach the other issues raised by the defendant.

Reversed and remanded.

Judges WELLS and HILL concur.