ALLEN KINDRED, APPELLANT, V. CITY OF OMAHA
EMPLOYEES' RETIREMENT SYSTEM, APPELLEE.
564 N.W.2d 590

Filed June 20, 1997.   No. S-95-787.

Thomas F. Dowd, of Dowd & Dowd, for appellant.

Kent N. Whinnery, Deputy Omaha City Attorney, and Jo A. Cavel for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

STEPHAN, J.

Allen Kindred brought this action against City of Omaha Employees' Retirement System (Retirement System) for reimbursement of attorney fees which he paid in connection with his workers' compensation action against the city of Omaha (City), his former employer. Pursuant to a city ordinance, the monthly disability benefits which Kindred receives from Retirement System are reduced by the amount of his workers' compensation benefits. Kindred alleged that since he paid his attorney one-third of the workers' compensation benefits pursuant to a contingent fee agreement, he was entitled to recover these fees

from Retirement System under the common fund doctrine. Following a bench trial, the district court for Douglas County concluded that the common fund doctrine was inapplicable and entered judgment in favor of Retirement System. We affirm that judgment.

## FACTS

On September 17, 1991, Kindred sustained a work-related injury to his back in the course of his employment with the City. Shortly thereafter, Kindred began receiving temporary total disability and medical benefits from the City.

After completing a "work hardening" program, Kindred began working part time in a temporary job with the City in August 1992. By October of that year, Kindred was working 6 hours a day in another temporary position with the City. At that time, the City discontinued his workers' compensation benefits.

Kindred was not represented by an attorney with respect to his workers' compensation claim until November 11, 1992, when he retained counsel and entered into a contingent fee agreement which required him to pay his attorney one-third of all workers' compensation benefits received after that date.

On January 21, 1993, the City authorized permanent partial disability payments to Kindred retroactive to October 24, 1992. On January 27, 1993, Kindred submitted an application to Retirement System for a service-connected disability retirement due to his 1991 back injury. On February 17, 1993, Retirement System's board of trustees granted Kindred a $1,219.92-per-month disability retirement pension, effective February 18, pursuant to Omaha Mun. Code, ch. 22, § 22-35 (1989). Section 22-35 states, in relevant part:

> Any member of the system who has at least five (5) years of service credit and has sustained and/or shall sustain injuries or sickness, which immediately or after a lapse of time permanently unfit such member for active duty, shall receive a monthly disability pension as long as he or she remains unfit for active duty or until he or she reaches age sixty-five (65), whichever event occurs first. Such monthly disability pension in combination with workers' compensation and social security shall not exceed sixty (60) per

cent of such member's base compensation for the last full month prior to disability.

The parties agree that the language of § 22-35 allows Retirement System to offset 100 percent of Kindred's workers' compensation award against a retirement pension.

On July 20, 1993, Kindred filed a petition in the Nebraska Workers' Compensation Court, seeking permanent disability and vocational rehabilitation benefits for the September 17, 1991, injury.

Following a trial, the Workers' Compensation Court entered an award on March 14, 1994, in which it found that Kindred was not permanently and totally disabled, but that he had suffered a decrease in earning power and was, therefore, entitled to (1) weekly benefits of $159.35 per week for $251\frac{2}{7}$ weeks for a 50 percent loss of earning power, (2) $265 per week for $48\frac{5}{7}$ weeks for temporary total disability, and (3) participation in an approved vocation rehabilitation plan at Metropolitan Community College. The Workers' Compensation Court did not award attorney fees.

On May 18, 1994, Kindred's attorney appeared before Retirement System's board of trustees and requested that one-third of the amount of workers' compensation benefits which were applied as an offset against Kindred's disability retirement pension be returned to Kindred to reimburse him for the attorney fees he incurred in the workers' compensation case. The board of trustees agreed to reimburse Kindred for attorney fees and costs with respect to some of his permanent partial disability benefits in the total amount of $5,991, but denied Kindred's claim for reimbursement of other attorney fees.

On July 11, 1994, Kindred commenced this action in the district court for Douglas County, contending that Retirement System had benefited from offsetting 100 percent of Kindred's workers' compensation benefits against his service-connected disability pension entitlement and should, therefore, be required, under the common fund doctrine, to reimburse Kindred in the full amount of attorney fees which Kindred paid with respect to those benefits. After a bench trial on March 21, 1995, the district court entered judgment for Retirement System on June 23. The court concluded that the attorney's efforts had

not created a common fund but instead had resulted in workers' compensation benefits which were offset against Kindred's disability retirement pension by operation of the ordinance. The district court found that Kindred was receiving all of the workers' compensation and disability retirement benefits to which he was entitled and that it would be unfair to require Retirement System to pay the fee which he contracted to pay his attorney in the workers' compensation case in the absence of language in the ordinance creating such an obligation.

Kindred filed a motion for a new trial, which the district court overruled on July 14, 1995. On July 19, Kindred filed this appeal. We removed the case to this court's docket pursuant to the authority granted to us by Neb. Rev. Stat. § 24-1106(3) (Reissue 1995) to regulate the dockets of the Nebraska Court of Appeals and this court.

## ASSIGNMENTS OF ERROR

Restated and summarized, Kindred's assignments of error contend that the district court erred in concluding that the common fund doctrine did not provide a basis for his claim for reimbursement of attorney fees incurred to procure an increase in workers' compensation benefits.

## STANDARD OF REVIEW

This case presents a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Spulak v. Tower Ins. Co.*, 251 Neb. 784, 559 N.W.2d 197 (1997); *Blanchard v. City of Ralston*, 251 Neb. 706, 559 N.W.2d 735 (1997).

## ANALYSIS

The only issue presented in this appeal is whether the common fund doctrine obligates Retirement System to reimburse Kindred for the fee which he agreed to pay his attorney in the workers' compensation action. The common fund doctrine is an exception to the general rule that the right of an attorney to be compensated for his services depends upon an express or implied contract of engagement. *United Services Automobile Assn. v. Hills*, 172 Neb. 128, 109 N.W.2d 174 (1961). We recognized and applied the doctrine in *Hills*, stating:

"An attorney who renders services in recovering or preserving a fund, in which a number of persons are interested, may in equity be allowed his compensation out of the whole fund, only where his services are rendered on behalf of, and are a benefit to, the common fund."

172 Neb. at 132, 109 N.W.2d at 177. In *Hills*, we held that an attorney who had negotiated a tort settlement on behalf of his client had a right to receive compensation from an insurance company which held a subrogation claim paid out of the settlement, despite the fact that he had no express or implied contract of engagement with that company. In that case, the common fund consisted of settlement proceeds obtained through negotiation. See, also, *Krause v. State Farm Mut. Auto. Ins. Co.*, 184 Neb. 588, 169 N.W.2d 601 (1969), *modified* 184 Neb. 638, 170 N.W.2d 882 (concluding that attorney who was retained by insured automobile collision victim to represent victim in action against tort-feasor's insurance carrier was entitled to recover reasonable fee for services rendered in connection with his negotiations to collect subrogation claim).

In this action, Kindred relies heavily on our decision in *In re Guardianship & Conservatorship of Bloomquist*, 246 Neb. 711, 523 N.W.2d 352 (1994), and the decision of the Nebraska Court of Appeals in *Kaiman v. Mercy Midlands Medical & Dental Plan*, 1 Neb. App. 148, 491 N.W.2d 356 (1992). In *Kaiman*, an attorney who had obtained a favorable award for his client in a workers' compensation action filed an action against a health maintenance organization (HMO) which had received reimbursement from the award for medical expenses which it had paid on behalf of the injured worker. The attorney brought an action against the HMO in which he sought a percentage fee on the amount of the reimbursement under the common fund doctrine. The district court sustained a demurrer and dismissed the action. The Court of Appeals reversed, holding that the common fund doctrine permitted an injured worker "to shift an appropriate share of the cost of the litigation to a health care insurer *who directly and substantially benefits by the litigation through reimbursement*." (Emphasis supplied.) 1 Neb. App. at 162, 491 N.W.2d at 363.

In *Bloomquist,* decided 2 years 5 months after *Kaiman,* we held that the holder of a hospital lien which sought payment from the proceeds of a personal injury settlement was liable for its pro rata share of legal expenses and costs incurred in obtaining the settlement. In determining that the common fund doctrine was not limited to subrogation claims, we stated that the ultimate question was not whether the hospitals were lienholders or subrogors, "but whether the hospitals have been so benefited by the patients' attorneys who rendered services in obtaining settlements *that the attorneys should in equity be allowed their compensation out of the whole fund."* (Emphasis supplied.) 246 Neb. at 724, 523 N.W.2d at 359.

In each of these cases, the party held responsible for paying attorney fees under the common fund doctrine had received a cash disbursement from a specific fund created by the efforts of the attorney seeking the fee. In *Dennis v. State,* 234 Neb. 427, 445, 451 N.W.2d 676, 687 (1990), *rev'd on other grounds, Dennis v. Higgins,* 498 U.S. 439, 111 S. Ct. 865, 112 L. Ed. 2d 969 (1991), we held that the common fund doctrine "presupposes the existence of a fund." In *Dennis,* we cited with approval authority from other jurisdictions holding that " '[a] common fund must be an immediate fund from which attorney's fees may be awarded at trial . . . ,' " 234 Neb. at 446, 451 N.W.2d at 687 (quoting *United Nursing Homes v. McNutt,* 35 Wash. App. 632, 669 P.2d 476 (1983)), and that in the absence of a fund within the control of the court, an attorney was not entitled to recover fees under the common fund doctrine merely because his actions conferred a benefit on members of a class, *Hamer v. Kirk,* 64 Ill. 2d 434, 356 N.E.2d 524 (1976). See, also, *Fitzgerald v. City of Philadelphia,* 87 Pa. Commw. 482, 487 A.2d 485 (1985); *Van Emmerik v. Montana Dakota Utilities Co.,* 332 N.W.2d 279 (S.D. 1983), *cert. denied* 464 U.S. 915, 104 S. Ct. 278, 78 L. Ed. 2d 257; *Von Holt v. Izumo Taisha Mission,* 44 Haw. 147, 355 P.2d 40 (1960), *aff'd on rehearing* 44 Haw. 365, 355 P.2d 40. Based upon these authorities, we held in *Dennis* that an attorney whose efforts resulted in a finding that a taxation statute was unconstitutional could not recover a fee payable out of all tax refunds which were due as a result of the ruling, because no "common fund" existed.

The district court correctly found that there was no "common fund" upon which application of the common fund doctrine could be predicated in this case. Kindred received his workers' compensation benefits and paid his attorney in full pursuant to their contract. Retirement System did not claim or receive a disbursement of money from any source, and there was no fund within the jurisdiction of the district court from which it could have ordered disbursements.

Retirement System simply calculated Kindred's disability retirement pension benefits in the manner prescribed by Omaha city ordinance § 22-35, deducting the full amount of workers' compensation benefits paid to Kindred from his monthly disability retirement entitlement. It is undisputed that this is exactly what the ordinance required. The Omaha ordinance defining disability retirement pension benefits contains no permissive language similar to Neb. Rev. Stat. § 48-118 (Reissue 1993), which provides that attorney fees incurred in obtaining a recovery from a third party can be prorated between an injured employee and the subrogated employer or workers' compensation insurer. The Omaha ordinance does not provide for the workers' compensation offset to be reduced by attorney fees expended in securing those benefits, and the district court correctly found that the common fund doctrine affords no basis for judicial imposition of such a requirement.

We, therefore, affirm the judgment of the district court.

AFFIRMED.

McCORMACK, J., dissenting.

I respectfully dissent. The majority states that in an absence of a fund within the control of the court, an attorney is not entitled to recover fees under the common fund doctrine merely because his actions conferred a benefit on members of a class. I disagree.

*Weiss v. Bruno*, 83 Wash. 2d 911, 523 P.2d 915 (1974), holds that there does not necessarily have to be a monetary fund created or preserved by a litigant as long as the litigant confers some other substantial nonmonetary benefit on an ascertainable class. See, also, *Mills v. Electric Auto-Lite*, 396 U.S. 375, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970). In *Weiss*, the plaintiffs were allowed to recover attorney fees after instituting a successful

suit challenging the expenditure of public funds made pursuant to unconstitutional legislative and administrative actions after a refusal by the appropriate agencies and officials to maintain such a challenge. Under the principle set out in *Weiss*, a court, using equitable discretion, may award attorney fees where a litigant obtains a decision which confers a substantial benefit on the members of an ascertainable class.

Similarly, in *In re Guardianship & Conservatorship of Bloomquist*, 246 Neb. 711, 523 N.W.2d 352 (1994), we addressed the issue of whether a hospital, with a perfected statutory lien in regard to treatment rendered to a patient unable to pay for such medical services, is obligated to share pro rata in the patient's reasonable costs of recovery from the third-party tort-feasor who caused the patient's injuries. We concluded that "the ultimate question is not whether the hospitals are lienholders or subrogors, but whether the hospitals have been so benefited by the patients' attorneys who rendered services in obtaining settlements that the attorneys should in equity be allowed their compensation out of the whole fund." *Id.* at 723-24, 523 N.W.2d at 359.

The majority distinguishes the instant case from *Bloomquist* by stating that no common fund was created under the jurisdiction of the district court by the efforts of Kindred's attorney. While it is true that Kindred's attorney did not create a "pile of money" from which a court could make equitable distributions to all who claimed an interest, Kindred's attorney did create a certain and ascertainable pecuniary benefit for his client in the form of a workers' compensation award, and that this benefit inured in its entirety, by operation of city ordinance, to the advantage of the Retirement System. The Retirement System received a substantial nonmonetary benefit from the setoff of Kindred's workers' compensation benefits against his service-connected disability pension as a result of the actions of plaintiff's attorney. To preclude application of the common fund doctrine because the common fund is not within the jurisdiction of the district court defies the equitable principle of unjust enrichment which lies at the heart of the doctrine. Further, to hold that the workers' compensation award is not a common fund against which the Retirement System exercises its right by ordinance to

set off any disability retirement pension payment to be made to Kindred exalts form over substance. The proceeds of the workers' compensation award obtained by Kindred's attorney clearly operate as a fund, without which the Retirement System would have nothing to set off against the pension benefits it owes to Kindred. Additionally, Kindred, not the Retirement System, paid for the service. It would be fundamentally unfair to make Kindred, rather than the Retirement System, pay for the attorney's services when those services conferred a benefit on the Retirement System. The Retirement System should therefore be obligated to reimburse Kindred for the fees he paid to his attorney.

WHITE, C.J., and GERRARD, J., join in this dissent.