BARBARA L. POPPE, PERSONAL REPRESENTATIVE OF
THE ESTATE OF HEATHER A. POPPE, DECEASED,
APPELLANT, V. CITY OF LINCOLN, APPELLEE.

723 N.W.2d 661

Filed November 14, 2006. No. A-05-289.

Robert R. Moodie, of Friedman Law Offices, for appellant.

Dana Roper, Lincoln City Attorney, and Joseph J. Rupp for appellee.

INBODY, Chief Judge, and MOORE and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

A police officer seeking Robin Siefker briefly detained Siefker after stopping Siefker's automobile, but the officer failed to identify Siefker. Siefker later drove in the wrong direction and collided with another vehicle, killing Heather A. Poppe (Poppe). The personal representative of Poppe's estate, Barbara L. Poppe (appellant), sued the City of Lincoln (the City), alleging negligence. The district court dismissed the action, concluding that

no duty existed, because the complaint did not show that a special relationship existed between Poppe and the police or that a custodial relationship existed between the police and Siefker. We affirm.

## BACKGROUND

Appellant's complaint alleged that at approximately 10:18 p.m. on November 27, 2002, employees of the Lincoln Police Department received a call from a concerned citizen reporting that Siefker had come to the citizen's house, given her a briefcase which Siefker said contained his will, and told her to give it to Siefker's attorney if anything happened to Siefker. The citizen reported Siefker was driving a blue or green 1998 Dodge pickup. Employees of the Lincoln Police Department logged the call as a possible threat of suicide and issued a dispatch assigning an officer to locate Siefker and check on his welfare.

Between 10:20 and 11:30 p.m., the officer conducted investigative activities designed to locate Siefker and did, in fact, stop and interview Siefker at approximately the 900 block of Gaslight Lane in Lincoln, but failed to identify the individual as Siefker. Appellant alleged in the complaint that the officer negligently performed his duties by failing to require the individual stopped to produce a driver's license or other form of identification, by failing to note the license plate and identify the registered owner of said vehicle, and by failing to detain Siefker and check on his welfare.

At approximately 12:40 a.m. on November 28, 2002, a collision occurred between a vehicle driven westbound by Poppe on Interstate 80 and a 1998 Dodge pickup truck driven eastbound by Siefker in the westbound lanes of Interstate 80. Poppe sustained injuries in the collision which caused her death.

The complaint alleged that negligence of the City's police officer directly and proximately caused the accident, and the complaint set forth two causes of action: for wrongful death and for Poppe's conscious pain and suffering after the collision but prior to death. The complaint also alleged that in compliance with Nebraska's Political Subdivisions Tort Claims Act, appellant timely served a tort claim on the City, and that the City denied the claim.

In response to appellant's complaint, the City filed a motion to dismiss pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003), asserting that the complaint failed to state a claim upon which relief could be granted. The district court sustained the City's motion to dismiss. The court stated that appellant had not alleged facts to establish that the City owed a duty to Poppe. The court stated that the police did not take charge of Siefker sufficiently to establish a custodial relationship. The court found that the City did not owe a duty to Poppe to control the conduct of Siefker and determined that the complaint could not be amended to cure the defect. The court dismissed the complaint with prejudice. This appeal timely follows.

### ASSIGNMENT OF ERROR

Appellant alleges that the court erred in granting the City's motion to dismiss.

### STANDARD OF REVIEW

A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Carruth v. State*, 271 Neb. 433, 712 N.W.2d 575 (2006).

### ANALYSIS

To recover under the Political Subdivisions Tort Claims Act, a claimant must prove all four of the basic elements of negligence: duty, breach of duty, proximate causation, and damages. See *Willet v. County of Lancaster*, 271 Neb. 570, 713 N.W.2d 483 (2006). In the case before us, we must determine whether the complaint alleges facts sufficient to establish a legal duty.

The Nebraska Supreme Court has adopted Restatement (Second) of Torts § 315 at 122 (1965), which states:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
>
> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
>
> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

See, *Stahlecker v. Ford Motor Co.*, 266 Neb. 601, 667 N.W.2d 244 (2003); *Bartunek v. State*, 266 Neb. 454, 666 N.W.2d 435 (2003); *Popple v. Rose*, 254 Neb. 1, 573 N.W.2d 765 (1998); *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993). Comment *c.* to § 315 of the Restatement provides that the relations between the actor and a third person which require the actor to control the third person's conduct are stated in §§ 316 through 319 of the Restatement.

### SPECIAL RELATIONSHIP BETWEEN POLICE OFFICER AND POPPE—§ 315(b)

Liability of police officers for failing to protect a citizen from harm caused by criminal conduct is established if the police have specifically undertaken to protect a particular individual and the individual has specifically relied upon the undertaking. *Brandon v. County of Richardson*, 252 Neb. 839, 566 N.W.2d 776 (1997). Such a duty arises when a "special relationship" exists between the police department and the victim that sets the victim apart from the general public and there are explicit assurances of protection that give rise to reliance on the part of the victim. See, *Bartunek v. State, supra*; *Brandon v. County of Richardson, supra*. The complaint did not allege facts to establish that the police had a special relationship with Poppe, and appellant effectively concedes the same in her brief.

### SPECIAL RELATIONSHIP BETWEEN POLICE OFFICER AND SIEFKER—§§ 315(a) AND 319

Appellant argues that the police had a special relationship with Siefker because the officer had physically stopped Siefker and had a duty to control him. Applying § 315(a) of the Restatement to the facts of this case, we acknowledge the police would have a duty to control the conduct of Siefker in such a manner as to prevent him from causing physical harm to another if a special relationship existed between the police and Siefker. In *Bartunek v. State, supra*, the Nebraska Supreme Court recognized that the parameters of § 315(a) of the Restatement are further defined by § 319. That section provides, "One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a

duty to exercise reasonable care to control the third person to prevent him from doing such harm." *Id.* at 129. The illustrations provided for § 319 are (1) the escape of a delirious smallpox patient from a hospital for contagious diseases and (2) the escape of a "homicidal maniac" from a sanitarium for the insane. See *id.* at 130. The Supreme Court stated that "the illustrations to this section make plain that the phrase 'takes charge' is intended to refer to a custodial relationship." *Bartunek v. State*, 266 Neb. at 462, 666 N.W.2d at 441.

In the instant case, appellant alleged that the police officer stopped Siefker's vehicle but failed to identify and detain Siefker. The allegations of the complaint imply that the officer was negligent because he failed to "take charge" of Siefker. However, under § 319 no duty arises from failing to take charge of the third person; rather, the duty to exercise reasonable care to control the third person to prevent harm to another arises only after one has taken charge of the third person. Thus, § 319 requires that we determine whether the traffic stop and brief detention constituted "taking charge" of Siefker.

In *Jones v. Maryland-National Capital*, 82 Md. App. 314, 571 A.2d 859 (1990), a Maryland appellate court held that no "special relationship" arises out of either an investigatory traffic stop or its resulting brief detention. We are unable to find a Nebraska appellate case addressing the issue, but the Nebraska Supreme Court has held that persons temporarily detained pursuant to an investigatory traffic stop are not "in custody" for purposes of *Miranda* rights or warnings. See *State v. Bowers*, 250 Neb. 151, 548 N.W.2d 725 (1996). We conclude that the police officer's temporary stop of Siefker did not create a custodial relationship which imposed a duty on the officer to control Siefker's subsequent behavior.

### FORESEEABILITY

In urging this court to find liability, appellant relies on a concurring opinion in *Jean W. v. Commonwealth*, 414 Mass. 496, 514, 610 N.E.2d 305, 315 (1993) (Wilkins, J., concurring; Abrams, J., joins), which announced an intention to abolish the "public duty rule." Appellant argues that the police officer in the instant case was in a position to prevent foreseeable harm and

had a duty to all foreseeable victims. Adopting a position finding liability based upon a duty owed to the public at large and not based on special relationships would be contrary to the current state of the law in Nebraska. The Nebraska Court of Appeals does not have authority to reverse the holdings of the Nebraska Supreme Court. *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), *overruled on other grounds, State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999).

## CONCLUSION

Because appellant failed to plead the existence of facts sufficient to establish that the City—by and through its agents and employees—owed a special duty to protect Poppe from the harm caused by Siefker, we conclude upon our de novo review that the district court did not err in sustaining the City's motion to dismiss pursuant to rule 12(b)(6). We therefore affirm the judgment of the district court which granted the City's motion and dismissed appellant's complaint with prejudice.

AFFIRMED.